IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-79-F-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JODI JEAN JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's emergency motion (D.E. 178), pursuant to 18 U.S.C. § 3142(c)(3), to modify the order setting conditions of her release ("Release Order") (D.E. 99), entered 13 May 2014, by changing her third-party custodians and the custodial home. (*See* Release Order ¶¶ 7, 8(w)). The government opposes the motion and requests a hearing on it. (*See* D.E. 179).

The facts stated in defendant's motion, as supplemented by investigation of the U.S. Probation Office, show that the immediate termination of her present third-party custodians and a change in defendant's residence are necessary to protect her safety and wellbeing. The government does not challenge the unsuitability of the current custodial home. Further, defendant's U.S. Probation Officer reports that defendant, who is employed fulltime, has been compliant with the conditions of release. The government does not contend to the contrary. Such compliance, extending over a period of more than four months and occurring against the backdrop of the circumstances supporting entry of the Release Order, show that continued supervision of defendant by a third-party custodian is no longer needed to reasonably assure her appearance as required and the safety of any other person and the community pending trial (or entry of a guilty plea). Defendant's U.S. Probationer Officer is in agreement with this view.

1

Although the government requests a hearing on defendant's motion, a principal basis for that request was its desire to cross-examine and otherwise develop evidence regarding the substitute third-party custodian proposed by defendant. Because no substitute third-party custodian is being appointed, a hearing is not required for that purpose. In addition, the need for an immediate change in defendant's residence renders a hearing prior to the allowance of such relief impracticable. The government, of course, retains the right to seek relief, including a hearing, from the conditions of release for defendant as modified herein if it wishes to do so.

IT IS THEREFORE ORDERED as follows:

1. Defendant's motion is ALLOWED IN PART and DENIED IN PART on the terms stated herein.

2. Chad Pike and Edwin Pike are hereby terminated as defendant's third-party custodians, and Edwin Pike's residence is terminated as defendant's custodial home.

3. Defendant shall reside at the home of Crystal Holland Thompson, who has consented to defendant living there. In the event defendant seeks to change residence, <u>prior to making the change</u>, she shall provide written notice of it, through counsel, to the court, the U.S. Attorney's Office, and the U.S. Probation Office and obtain approval of the change from the U.S. Probation Office.

4. Except as modified herein, all provisions of the Release Order remain in full force and effect.

5. In the event the government seeks relief with respect to the conditions of defendant's release as modified herein, it shall file an appropriate motion.

SO ORDERED, this the 25th day of September 2014.

_____
James E. Gates
United States Magistrate Judge