IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-00079-F-10
No. 5:16-CV-00760-F

| | | |
|---|---|---|
| JODI JEAN JENKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Jodi Jean Jenkins has filed a motion for relief pursuant to 28 U.S.C. § 2255 [DE-444]. For the reasons set forth below, the court will summarily dismiss Jenkins' motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

I. FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2014, Jenkins was charged in Counts One and Fourteen of a twenty-two count indictment. See Indictment [DE-1]. In Count One, Jenkins was charged with conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Fourteen charged Jenkins with possession of pseudoephedrine with the intent to manufacture a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2.

At Jenkins' arraignment, held on November 4, 2014, she pled guilty to Count One pursuant to a written plea agreement [DE-211]. It was agreed that Count Fourteen would be

dismissed at sentencing. *Id.* at 6.

Jenkins' sentencing was held on May 12, 2015, and she was sentenced to 48 months' imprisonment. *See* Judgment [DE-291]. Jenkins did not file a direct appeal.

On August 23, 2016, Jenkins filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-444]. In her sole claim, Jenkins alleges that she "played a minor role in [the] crime." *Id.* at 4. Jenkins further contends that she qualifies for "[t]his law" that "recently came into effect." *Id.* at 11.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); *accord* 28 U.S.C. § 2255(b); *see Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original). Because Petitioner is proceeding *pro se*, the court must construe her motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

While it is not at all clear from Jenkins' bare bones motion, she seems to suggest that she is entitled to relief under Amendment 794 to the United States Sentencing Guidelines. Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[1] *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2

---

[1] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

(11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[2] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

Amendment 794 applies retroactively in direct appeals. *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In this case, however, Jenkins did not file a direct appeal. Moreover, Jenkins' time for filing a direct appeal has long since passed. In sum, Jenkins is not entitled to relief under Amendment 794.

## IV. CONCLUSION

For the foregoing reasons, Jenkins' Motion to Vacate [DE-444] is SUMMARILY DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected

---

[2] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct).

SO ORDERED.

This the 26 day of August, 2016.

James C. Fox
JAMES C. FOX
Senior United States District